GIVEN INTERNATIONAL, INC. *v.* UNITED STATES

Court No. R69/8770

(Decided December 22, 1975)

*Stein and Shostak* (*Marjorie M. Shostak* and *Theo B. Audett* of counsel) for the plaintiff.

*Rex E. Lee*, Assistant Attorney General (*Michael S. O'Rourke* and *Edward S. Rudofsky*, trial attorneys), for the defendant.

WATSON, Judge: This is a dispute over the cost of production [1] of certain lathes and accessories exported from Japan in 1968. Defendant appraised the lathes at a value of $8100 each, less 20%, less ocean freight and insurance, less duty included, resulting in an appraised value of $5103.

---

[1] Section 402a of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956:

(f) COST OF PRODUCTION.—For the purpose of this title the cost of production of imported merchandise shall be the sum of—

(1) The cost of materials of, and of fabrication, manipulation, or other process employed in manufacturing or producing such or similar merchandise, at a time preceding the date of exportation of the particular merchandise under consideration which would ordinarily permit the manufacture or production of the particular merchandise under consideration in the usual course of business;

(2) The usual general expenses (not less than 10 per centum of such cost) in the case of such or similar merchandise.

(3) The cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the particular merchandise under consideration in condition, packed ready for shipment to the United States; and

(4) An addition for profit (not less than 8 per centum of the sum of the amounts found under paragraphs (1) and (2) of this subdivision) equal to the profit which ordinarily is added, in the case of merchandise of the same general character as the particular merchandise under consideration, by manufacturers or producers in the country of manufacture or production who are engaged in the production or manufacture of merchandise of the same class or kind.

The appraisement was based on the resale price in the United States (less appropriate deductions) of Kanematsu New York, Inc., a firm which, during the period in question, also sold such merchandise here.

This appraisement procedure bears no resemblance to statutory cost of production and the resulting appraised value was erroneous. Arriving at a "cost of production" by making a series of deductions from a resale price is not a *reasonable* way to ascertain cost of production within the generally broad powers granted the appraising official in section 500 of the Tariff Act of 1930.[2] *Ellis Silver Co., Inc.* v. *United States*, 63 Cust. Ct. 647, 656, R.D. 11688, 308 F. Supp. 704 (1969), *aff'd*, 67 Cust. Ct. 564, A.R.D. 293 (1971), *aff'd*, 60 CCPA 143, C.A.D. 1100, 477 F.2d 946 (1973); *United States* v. *A. N. Deringer, Inc.*, 46 Cust. Ct. 762, 767–68, A.R.D. 127 (1961), *appeal dismissed*, 48 CCPA 169 (1961). Even assuming an unwillingness on the part of the manufacturer involved to reveal its cost of production, I have no doubt that ways and means exist to estimate the elements of cost of production in a manner more in accordance with section 402a(f) and section 500 of the Tariff Act of 1930. The method of reasoning backward from a resale price ignores the statute entirely and is unreasonable.

Having demonstrated the incorrectness of the appraisement it remained for plaintiff to prove its own claimed costs of production. This it accomplished by the uncontradicted testimony of Sanji Masumoto, director of the export department of the manufacturer, Okuma Machinery Works, Ltd. of Nagoya, Japan. Mr. Masumoto testified as to his compilation from the manufacturer's accounting records of cost of production figures contained in plaintiff's exhibit 3 and the diligent but unsuccessful efforts which were made to ascertain the addition for profit usually made by the Japanese lathe manufacturers listed in plaintiff's exhibit 4. I am satisfied, by a preponderance of the credible evidence, that plaintiff has proved that its costs of production are contained in exhibit 3. I am further convinced the refusal of other manufacturers to reveal their addition for profit permits the use of this manufacturer's actual addition for profit as an element of its costs of production.

The defendant's objections notwithstanding, I see no reason to think that Mr. Masumoto was unqualified to compile the cost of production figures or compiled them in an improper manner. Nor is

---

[2] SEC. 500. DUTIES OF APPRAISING OFFICERS.

(a) APPRAISER.—It shall be the duty of the appraiser under such rules and regulations as the Secretary of the Treasury may prescribe—

(1) to appraise the merchandise in the unit of quantity in which the merchandise is usually bought and sold by ascertaining or estimating the value thereof by all reasonable ways and means in his power, any statement of cost or cost of production in any invoice, affidavit, declaration, or other document to the contrary notwithstanding;

there any reason to believe the inquiries to other manufacturers were other than proper in form and content. In short, I exercise the prerogative of a trial judge to base conclusions of the testimony of witnesses, and I consider the testimony of Mr. Masumoto to be worthy of belief on the subject of the cost of production of this merchandise.

Based on the above, I find that defendant's calculation of the cost of production of this merchandise was erroneous. I also find that due diligence was exercised in an unsuccessful attempt to ascertain the addition for profit of other Japanese lathe manufacturers, failing which this manufacturer's own addition for profit was properly used. I further find that plaintiff has proved the costs of production it claims.

I make the following specific findings of fact:

1. That the merchandise involved in the instant appeal for reappraisement consists of LS 540 x 1500 lathes, with accessories, exported from Japan on December 22, 1968.

2. That said merchandise appears on the Final List of the Secretary of the Treasury, T.D. 54521.

3. That said merchandise was appraised on the basis of cost of production under section 402a(f) of the Tariff Act of 1930, as amended.

4. That the cost of materials and fabrication of the imported merchandise is as follows:

| | |
|---|---|
| LS 540 x 1500 lathe (exclusive of accessories) | ¥946, 000 |
| Steady rest, 12–130 mm. | 28, 800 |
| Follow rest, 12–50 mm. | 18, 000 |
| 4-jaw chuck 300 | 36, 000 |
| Ammeter | 2, 520 |
| Coolant equipment | 29, 160 |

5. That the usual general expenses in the case of such merchandise, incurred in its production for exportation to the United States, were as follows:

| | |
|---|---|
| LS 540 x 1500 lathe (exclusive of accessories) | ¥132, 000 |
| Steady rest, 12–130 mm. | 4, 320 |
| Follow rest, 12–50 mm. | 1, 440 |
| 4-jaw chuck 300 | 2, 880 |
| Ammeter | 180 |
| Coolant equipment | 3, 600 |

6. That the profit actually added in the manufacture of this merchandise was as follows:

| | |
|---|---|
| LS 540 x 1500 lathe (exclusive of accessories) | ¥227, 000 |
| Steady rest, 12–130 mm. | 8, 280 |
| Follow rest, 12–50 mm. | 3, 600 |
| 4-jaw chuck 300 | 4, 320 |
| Ammeter | 360 |
| Coolant equipment | 6, 840 |

7. That the cost of packing said merchandise was ¥67,000.

I reach the following conclusions of law:

1. Cost of production as defined in section 402a(f) of the Tariff Act of 1930, as amended, is the proper basis of appraisement of the merchandise involved herein.

2. The usual general expenses as defined in section 402a(f)(2) of the Tariff Act of 1930, as amended, are those incurred in the production of the merchandise for exportation to the United States.

3. The profit ordinarily added, as defined in section 402a(f)(4) of the Tariff Act of 1930, as amended, is the profit actually added by the manufacturer of the merchandise involved herein.

4. The cost of production of the involved merchandise as computed from the elements set forth in the findings of fact, including the addition of the statutory minimum for general expenses, as required by section 402a(f)(2) of the Tariff Act of 1930, as amended, is as follows:

| | |
|---|---:|
| LS 540 x 1500 lathe (exclusive of accessories) | ¥1, 372, 000 |
| Steady rest, 12–130 mm. | 41, 400 |
| Follow rest, 12–50 mm. | 23, 400 |
| 4-jaw chuck 300 | 43, 920 |
| Ammeter | 3, 132 |
| Coolant equipment | 39, 600 |

Judgment will be entered accordingly.